```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


AMIR HAKIM MCCAIN,                :    CIVIL ACTION
                                  :    NO. 11-7241
         Plaintiff,               :
                                  :
    v.                            :
                                  :
JOHN E. WETZEL, et al.,           :
                                  :
         Defendants.              :
                                  :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              July 10, 2012

Before the Court is Defendants Wetzel, Shaylor, Allison, and Wenerowicz's motion for summary judgment, and Plaintiff's cross-motions for summary judgment. For the following reasons, the Court will grant summary judgment in favor of Defendants on all of Plaintiff's claims, and deny Plaintiff's motions for summary judgment.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Amir McCain, also known as John McCain, a state prisoner currently incarcerated at SCI-Fayette filed this civil action against John E. Wetzel, Wendy Shaylor, Lieutenant Allison and Michael Wenerowicz,[1] Superintendent at SCI-Graterford

---

[1] Plaintiff refers to the "Chief, Secretary's Office of Inmate

1

(collectively "Defendants"). He seeks damages for the destruction of his property, which occurred at SCI-Graterford, and for the denial of his access to the courts pursuant to 42 U.S.C. § 1983. Compl. 6, ECF No. 3.[2]

In 1990, Plaintiff was convicted of rape in Philadelphia County, Pennsylvania. Pl's Dep. 20:2-15. He was sentenced to twenty-one to sixty years in prison. Id. at 21:4-6. The Superior Court of Pennsylvania upheld his conviction and the Supreme Court of Pennsylvania did not accept his appeal. Id. at 22:11-25. Plaintiff then filed a Post-Conviction Relief Act ("PCRA") petition in which he claimed ineffective assistance of trial counsel, but it was denied. Id. at 23:1-24:5, 28:22-30:1.

On March 31, 2011, Plaintiff was transferred to SCI-Graterford to appear in court. Id. at 56:5-7. Prior to his transfer, Plaintiff was housed at SCI-Fayette. Id. at 17:2-

---

Grievance and Appeals Superintendent" at SCI-Graterford as "John Doe" in his Complaint. Defendants identify Mr. Wenerowicz as the Superintendent at SCI-Graterford. Defs.' Mot. Summ. J. i, ECF No. 31.

[2] Plaintiff is also seeking damages for retaliation by prison officials for filing criminal charges of sexual assault against Prisoner Official Roegner. Compl. 6. However, during his deposition Plaintiff agreed that this claim concerned issues which arose exclusively at SCI-Waymart. Pl's Dep. 100:2-8, Feb. 10, 2012, Defs.' Mot. Summ. J. Ex. 1. The proper venue against a member of the staff at SCI-Waymart is the Middle District of Pennsylvania. See 28 U.S.C. § 1391(b). Therefore, this claim will be dismissed without prejudice to Plaintiff's refiling of the claim, if he chooses to do so, in the Middle District of Pennsylvania.

18:10. On May 27, 2011, Plaintiff was issued a misconduct for being in an unauthorized area and for unauthorized use of the telephone. Id. at 67:8-10. On May 31, 2011 Plaintiff had a hearing in which he pled guilty to unauthorized use of the telephone. Id. at 84:12-19. Plaintiff was sanctioned to thirty days in the Restricted Housing Unit ("RHU"). Id. at 63:17-25, 83:19-21. Prior to going to the RHU, Plaintiff returned to his cell in the general prison population. Id. at 64:11-18. Plaintiff then packed his property into one box. Id. at 65:17-66:1, 74:17-19. Plaintiff's property was not inventoried by an officer, which according to Plaintiff was against the policies of SCI-Graterford. Id. at 65:13-66:7. Plaintiff was taken to the RHC while his property remained in the housing unit. Id. at 66:8-19.

On June 10, 2011, Plaintiff was released from RHU and returned to the housing unit block to which he was assigned prior to being sent to the RHU. Id. at 69:25-70:12, 85:16-18. Once he arrived at his housing unit, Plaintiff asked an officer for his property who informed him that his property was in the property room. Id. at 70:9-71:1. Plaintiff went to the property room. Id. The officer in the property room informed him that his property was never brought to the property room from the housing unit and told him to check for his property back at his housing unit. Id. at 71:2-9. Plaintiff returned to his housing unit. Id.

3

at 71:16-24. After a series of back-and-forth exchanges from the property room to the housing unit, an officer informed Plaintiff that his property was located on the housing unit. Id. at 71:16-72:25. Once Plaintiff's property was located, Plaintiff opened the box and determined that his transcripts and legal materials were missing. Id. at 74:4-25. Plaintiff admitted that he does not know who took his legal materials or property. Id. at 79:22-25.

On June 16, 2011, Plaintiff returned to SCI-Fayette. Id. at 83:9-13. While at Fayette, Plaintiff filed a grievance over his missing property, which was denied. Id. at 79:11-21, 95:10-97:24.[3]

After deposing the Plaintiff, Defendants, collectively, filed a motion for summary judgment on March 30, 2012. Defs.' Mot. Summ. J. Plaintiff filed his own cross-motion for summary judgment on April 2, 2012. Pl.'s Mot. Summ. J., ECF No. 33. After a telephone conference with both parties, the Court ordered Plaintiff to respond to Defendants' motion for summary judgment by May 9, 2012. Order, April 10, 2012, ECF No. 35. Plaintiff did not respond to Defendants' motion but filed a

---

[3] Plaintiff filed two grievances over his missing property. One was denied on the merits, the other was dismissed by Defendant Shaylor because Plaintiff had previously filed a grievance with respect to the same issue, which was still pending at the time. Pl's Dep. 95:23-97:24.

4

second motion for summary judgment.[4] Pl.'s Second Mot. Summ. J., ECF No. 37. The motions are now ripe for disposition.

## II. DISCUSSION

Defendants argue that Plaintiff's claims fail as against all Defendants as a matter of law because Plaintiff has not established the personal involvement of any of the Defendants named in the destruction of Plaintiff's property or his resultant denial of access to the courts. Defs.' Mot. Summ. J. 6-11. Plaintiff asserts that Defendants Wetzel, Shaylor, Allison, and Wenerowicz interfered with his right of access to courts by refusing to investigate and review video footage to identify John Doe, the officer who allegedly destroyed Plaintiff's property. Pl.'s Second Mot. Summ. J. 13, 18, 22, 30.

### A.  Standard of Review

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there

---

[4] Plaintiff raises arguments in response to Defendants' motion for summary judgment in his second motion even though it is titled as a motion for summary judgment. In his first motion for summary judgment, Plaintiff included exhibits, but mostly explained the factual background of his case in detail.

is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Court will view the facts in the light most favorable to the nonmoving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

> B.  Claims Against Defendants Wetzel, Shaylor, Allison, and Wenerowicz

A defendant in a civil rights action pursuant to 42 U.S.C. § 1983 must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation

6

of respondeat superior. Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Even though Plaintiff claims that Defendants Wetzel, Shaylor, Allison, and Wenerowicz violated his constitutional rights, Plaintiff failed to provide evidence to support his allegations. Here, there is no evidence that Defendant Wetzel, the Secretary of the Pennsylvania Department of Corrections, had any personal involvement in the alleged violation of Plaintiff's constitutional rights. In fact, Plaintiff admitted that he does not know the identity of the individuals who allegedly took his property or his materials. Pl.'s Dep. 79:22-25. As liability pursuant to § 1983 cannot be predicated solely on the operation of respondeat superior, and Plaintiff has not provided evidence of Defendant Wetzel's personal involvement, summary judgment will be entered in favor of Defendant Wetzel on Plaintiff's constitutional claims.

Plaintiff has also produced no evidence that either Defendant Shaylor or Defendant Allison had personal involvement in the alleged violation of Plaintiff's constitutional rights. Plaintiff attached documentation to his complaint, which

indicated that Defendant Shaylor rejected a grievance he filed and that Plaintiff's grievance was reassigned from Defendant Allison to a Lieutenant Hawkins. Compl. 21, 27. The facts that Defendant Shaylor rejected his grievance and Defendant Allison was removed from investigating his grievance are not acceptable bases to impose liability under § 1983. See Brooks v. Beard, 167 Fed. App'x 923, 925 (3d Cir. 2006) (holding that an inmate's allegation that prison officials responded inappropriately to a grievance did not establish that they were personally involved in the underlying unconstitutional conduct); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997) ("Prisoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights."). Thus, summary judgment will be entered in favor of Defendants Allison and Shaylor and all of Plaintiff's constitutional claims will be dismissed as against them.

Plaintiff's claims as against Defendant Wenerowicz, as the Superintendent at Graterford, will be dismissed for similar reasons. As with Defendant Wetzel, Plaintiff has presented no evidence that Defendant Wenerowicz had any personal involvement in the alleged violation of Plaintiff's constitutional rights. Absent information that Defendant Wenerowicz was personally involved in or had actual knowledge of and acquiesced in the

8

deprivation of Plaintiff's constitutional rights, Plaintiff cannot maintain a claim against Defendant Wenerowicz. The fact that Defendant Wenerowicz reviewed and dismissed Plaintiff's appeal of his grievance does not satisfy this burden. Facility Manager's Appeal Response, Compl. 27; see Wilson, 971 F. Supp. at 947 ("Prisoners do have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts, and this right is not compromised by the failure of the prison to address his grievances.").[5]

---

[5] Even if Plaintiff had produced evidence indicating the personal involvement of any of the listed Defendants, Plaintiff was neither denied access to courts nor due process due to the alleged deprivation of his property. To establish a denial of access to the courts claim, an inmate must put forth evidence that he suffered an actual injury to his ability to litigate a nonfrivolous claim. Lewis v. Casey, 518 U.S. 343, 352-53 (1996). An actual injury exists where a nonfrivolous arguable claim is lost and "cannot now be tried." See Christopher v. Harbury, 536 U.S. 403, 415 (2002). Importantly, where an inmate does not allege actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated. Lyons v. Sec'y of Dep't of Corrections, 445 Fed. App'x 461, 464 (3d Cir. 2011). Here, Plaintiff does not allege that he suffered an actual injury to his ability to litigate a nonfrivolous claim. While Plaintiff alludes to a DNA report relevant to the death of the mother of his child in 1990, he does not sufficiently explain how the absence of this report affects his conviction, sentence, or conditions of confinement. See Pl.'s Dep. 30:15-43:3; see also Lewis, 518 U.S. 343 at 354 (holding that an inmate's fundamental constitutional right to access to the courts is "limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions"). Thus, Defendants would also have been entitled to summary judgment on the merits of Plaintiff's constitutional claim of denial of access to the courts.

Accordingly, as Plaintiff has produced no evidence that Wetzel, Shaylor, Allison, and Wenerowicz were personally involved in or had any knowledge of the alleged wrongdoings, summary judgment will be granted in favor of Defendants Wetzel, Shaylor, Allison, and Wenerowicz and all claims against them will be dismissed.

**III. CONCLUSION**

For the reasons provided above, the Court will grant Defendants Wetzel, Shaylor, Allison, and Wenerowicz's summary judgment motion and all claims against them will be dismissed with prejudice. For the same reasons, Plaintiff's motions for summary judgment will be denied.

---

Defendants would also be entitled to summary judgment on the merits of Plaintiff's due process claim of deprivation of property because adequate remedies were available to Plaintiff to address the unauthorized deprivation of property. "'[A]n unauthorized intentional deprivation of property'" by prison officials does not violate the Due Process Clause "'if a meaningful postdeprivation remedy for the loss is available.'" Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). Here, the prison had an administrative grievance process for Plaintiff's alleged loss of property, and he sought redress through that process before seeking redress from this Court. See Compl. 19-27. As due process requires nothing further, Defendants would have also been granted summary judgment on Plaintiff's claim of deprivation of due process. See Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison's grievance program and internal review provided an adequate postdeprivation remedy to satisfy due process).